UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**JEREMY SCOTT SMITH**                                                                                          **PLAINTIFF**

**v.**                                                                                       **CIVIL ACTION NO. 4:15CV-P108-JHM**

**DAVIESS COUNTY DETENTION CENTER** *et al.*                                            **DEFENDANTS**

**MEMORANDUM OPINION**

By Order entered September 16, 2015, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*, allowing him to pay the filing fee in installments (DN 5). On October 8, 2015, the United States Postal Service returned Plaintiff's copy of that Order to the Court with the returned envelope marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward" (DN 6). A handwritten note on the envelope indicates "Released." *Id.*

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Over a month has passed without Plaintiff providing any notice of an address change. Therefore, neither orders from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may

dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

      Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order.

Date: November 12, 2015

                                              **Joseph H. McKinley, Jr., Chief Judge**
                                              **United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4414.005